UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GUADALUPE MORERA and JUSTO
MORERA,

        Plaintiffs,

v.                                            Case No: 2:18-cv-00607-SPC-CM

GEOVERA SPECIALTY INSURANCE
COMPANY,

        Defendant.

_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND OBJECTION [DKT. 33]**

      Plaintiffs, GUADALUPE MORERA and JUSTO MORERA ("Plaintiffs"), by and

through the undersigned attorney, file its Response to Defendant's Motion for Protective Order

and Objection [Dkt. 33] and state:

**INTRODUCTION**

      Defendant's Motion for Protective Order and Objection [Dkt 33] omits facts including

relevant communications between the parties and background concerning the subject deposition

of Defendant's corporate representative. Defendant portrays Plaintiffs as inappropriately

unilaterally scheduling a deposition. This is not the case. Rather, after five months of requesting

a deposition, Plaintiffs noticed the corporate representative deposition simply as a means to get

the issue of location before the Court and resolved.

      There are two main issues before the Court: 1) location of a 30(b)(6) deposition and 2)

Defendant's privilege and confidentiality objections despite Plaintiffs' notice explicitly stating in

**bold** it was not seeking privileged or confidential information.

The dispute over the location of the deposition is a justiciable issue. Defendant's objection to a notice of deposition that explicitly states it is not seeking privileged or confidential information is spurious and Plaintiffs' fees incurred related to the objection should be taxed to Defendant.

## STATEMENT OF FACTS

1. Nearly five months ago, on October 29, 2018, Plaintiffs first sought the deposition of Defendant's corporate representative and requested December deposition dates. [Ex. 1]. Plaintiffs provided Defendant with proposed areas of inquiry on that date. These are the same areas of inquiry that Defendant first objected to on March 11, 2019, almost five months later.

2. Almost three and a half months after being repeatedly asked for deposition dates by Plaintiffs, on February 8, 2019, Defendant provided Plaintiffs with a proposed deposition date of May 14, 2019, for the deposition of Defendant's corporate representative. [Ex. 2]. Thus, the deposition would occur almost seven months after it was first requested.

3. Defendant advised that the deposition of Defendant's corporate representative was to occur in **Tallahassee, Florida**. [Ex. 2].

4. On February 8, 2019, Plaintiffs immediately responded advising they wanted to take the deposition of Defendant's corporate representative in Lee County, Florida and that Plaintiffs would take the matter before the Court if the parties could not agree. [Ex. 3]. Thus, both sides were clear on a deposition date and both sides were clear that they did not agree to a location.

5. To get the matter of location immediately before the Court, on February 8, 2019, Plaintiffs advised Defendant that it would serve a notice for Lee County, so Defendant could file an objection and the issue could immediately get before the Court so that if travel arrangements were necessary, then there was enough time to arrange them. [Ex. 3, Ex. 7].

6.   Moreover, because Defendant dragged its heels in providing deposition dates, Plaintiffs reasonably believed Defendant would probably file a last-minute objection shortly prior to May 14, 2019 regarding location and so there would not be enough time to resolve the issue before a May 14th deposition.

7.   Plaintiffs did not want this to occur especially considering how many months it took just to get a proposed deposition date from Defendant. Thus, Plaintiffs advised Defendant on February 8, 2019 that it was going to issue the notice so that the issue of location could get before the Court as quickly as possible; however, it was not until March 11, 2019, that Plaintiffs first objected to same.

8.   Interestingly, between February 8, 2019, and February 15, 2019, Defendant proceeded with sending numerous correspondences to Plaintiffs regarding other depositions that Defendant desired and sought to schedule those. [Ex. 4].

9.   At no point during that time did Defendant advise on any issues regarding the proposed areas of inquiry, which were initially provided to Defendant on October 28, 2019, nor did Defendant advise as to any objection with Plaintiffs' intended procedure for getting the issue of deposition location for Defendant's corporate representative before this Court.

10. On February 15, 2019, Defendant then advised that the corporate representative deposition would need to occur in **California**, not Tallahassee, Florida. [Ex. 5].

11. On February 19, 2019, Defendant specifically advised that the deposition of Defendant's corporate representative would need to occur in **Sacramento, California 12 noon PST** or 3pm EST. [Ex. 6].

12. Plaintiffs immediately advised Defendant that they still desired Lee County, Florida for the location of the deposition of Defendant's corporate representative and once again reminded

Defendant that they were seeking to get the issue before the Court immediately so that it could be resolved as soon as possible in the event of travel arrangements being needed for a May 14th deposition. [Ex. 7].

13. On February 20, 2019, Plaintiffs served the deposition notice on Defendant. [Ex. 8] Again, Plaintiffs advised that it was simply noticing the deposition to get the issue of location before this Court. [Ex. 9].

14. Thus, on multiple occasions from February 8, 2019 through February 20, 2019, Plaintiffs specifically advised Defendant they were simply going to issue a noticing of taking deposition prior to May 14, 2019 to get the issue of location before this Court as quickly as possible and well ahead of the scheduled deposition.

15. Notably, from February 8, 2019 through March 10, 2019, Defendant did not provide any objection to the suggested procedure or notice. Instead, Defendant continued to push forward with scheduling their own depositions in this matter [Ex. 10] and serving numerous deposition notices [Ex. 11]. Again, at no point during that time did Defendant object to the Schedule "A" (which Defendant had since October 29, 2018) or Schedule "B."

16. Finally, on March 11, 2019, Defendant first advised they had issues with the notice, including the location, the areas of inquiry, and requested documents. [Ex. 12]. Again, the areas of inquiry were the same ones Defendant had since October 29, 2018 (almost five months prior).

17. Plaintiffs immediately responded to Defendant advising that the location was the issue and referring to the prior correspondence on the matter. [Ex. 13].

18. Plaintiffs also sought to resolve Defendant's objections to the Schedule "A" and Schedule "B" and expressed concerns regarding Defendant's objections which appeared meant to distract

this Court from the simple issue of deposition location, especially considering they objected to every single area of inquiry, which they first received on October 29, 2018. [Ex. 14].

19. Defendant did not meaningfully respond to Plaintiffs and instead, surprisingly, suggested that prior communications on the issue were not relevant since defense counsel was not at the firm for those communications. [Ex. 15].

20. Still hoping to resolve the objections raised by Defendant concerning the Schedule "A" and Schedule "B" and despite a substantive response from Defendant, Plaintiffs served an Amended Notice with revised Schedule "A" and Schedule "B" [Ex. 16].

21. Subsequently, Defendant filed the subject Motion for Protective Order and Objection [Dkt 33], which again failed to address the relative background and correspondence between the parties to date as reflected *supra*.

## LAW AND ARGUMENT

I.      **THE LOCATION OF THE DEPOSITION SHOULD BE LEE COUNTY, FLORIDA.**

This Court has broad discretion in ordering a location for deposition. See *Barrocos of Florida, Inc. v. Elmassian*, 11-CV-22393, 2012 WL 1657204, at *1 (S.D. Fla. May 10, 2012); *Marrero Enterprises of Palm Beach, Inc. v. Estefan Enterprises, Inc.*, 06-81036-CIV, 2009 WL 3048698, at *2 (S.D. Fla. Sept. 18, 2009).

In *Barrocos* the Court recognized the presumption that a non-resident corporate defendant should be deposed in its principal place of business but noted that the presumption would give way. *Id*. In *Barrocos*, the court referenced the factors to be considered in determining where a 30(b)(6) deposition was to be held explaining that "location of counsel for the parties in the forum district, the number of corporate representatives a party is seeking to depose, and the expense involved in holding the deposition in one place or another." *Id*. (citations omitted).

Here, both Plaintiffs and Defense counsel are located in the Middle District of Florida. There is only one corporate representative sought to be deposed and the expenses would appear to be more if two attorneys were to travel to California for the deposition as opposed to one insurance adjuster/representative travelling to the forum district. Thus, the facts at bar bode in favor of overcoming the presumption.[1]

Further, Defendant's selection of a corporate representative in Sacramento, California begs the question of why someone in Sacramento, California is being designated as the one to answer the subject areas of inquiry for an insurance claim in Lee County, Florida – some 3,000 miles away. More importantly, requiring the deposition to take place 3,000 miles away from where Defendant decided to issue an insurance policy would have a chilling effect on an insured's ability to enforce their rights.

Moreover, Defendant previously asked for the deposition of its corporate representative to occur in Tallahassee, Florida. [Ex. 2]. Thus, it seems the Defendant has flexibility on where it appears for deposition and given the business it conducts in Lee County, Florida, it should be required to appear there for its deposition.

Accordingly, Plaintiffs request that the deposition occur in Lee County, Florida because (1) Defendant routinely does business there including issuing insurance policies, like the insurance policy/contract at issue in this case, (2) the cause of action accrued there, (3) the subject dispute – damage from Hurricane Irma – arose there, (4) the offices for both counsels are located near there, and (5) the case is pending before the Fort Myers Division. Plaintiffs note the flexibility of deposition location under the federal rules and believe that under the circumstances

---

[1] Notably, this case was originally filed in Florida state court and removed by Defendants. Under Florida state law the Defendant would be required to appear in either its county of residence or where it routinely transacts business, which would include Lee County. Thus, it is not unfair for Defendant to expect to appear in Lee County, Florida for a deposition.

in this case, Defendant's corporate representative should be required to appear in Lee County,

Florida. Moreover, Plaintiffs would be prejudiced if they were not able to depose the

Defendant's corporate representative in person or if they were required to travel to Sacramento,

California for this deposition.

II.    **DEFENDANT'S OBJECTIONS TO SCHEDULE "A" (AREAS OF INQUIRY) AND SCHEDULE "B" (REQUESTED DOCUMENTS) SHOULD BE OVERRULED BECAUSE THE REQUESTS ON THEIR FACE EXPLAIN THEY ARE NOT SEEKING PRIVILEGED INFORMATION.**

As discussed above, Plaintiffs first sent proposed areas of inquiry to Defendant on

October 28, 2019. Then on March 11, 2019, Defendant first objected to the areas of inquiry,

objecting to every single one of the proposed areas of inquiry, nearly five months after first

receiving them.

Plaintiffs sought to resolve the objections, but Defendant would not articulate a

meaningful basis for their objections which appeared centered on distracting the Court from the

simple issue of deposition location. Moreover, Defendant provided Plaintiffs with little time to

amend the notice, demanding an immediate withdraw and advising of its immediate intention of

filing a Motion for Protective despite having first notified the Plaintiffs on the afternoon of

March 11, 2019 of any concerns with the Schedule "A" and Schedule "B."

In an effort to resolve the Defendant's vague concerns with the Schedule "A" and

Schedule "B," on March 12, 2019, Plaintiffs served an Amended Notice substantially narrowing

the notice and specifically stating in the Amended Notice in bold that "**Plaintiffs do not seek

privileged information or privileged documents from Defendant**." [Ex. 16]. Defendant fails

to mention this in their Motion for Protective Order.

Moreover, contrary to Defendant's Motion, the Amended Notice does not use the

language bad faith nor does it request that the corporate representative interpret the policy nor

does it require many of the other things that Defendant loosely asserts in the likely boilerplate language set forth in its Motion for Protective Order.

Rather, the Plaintiffs' Amended Notice sets forth the following simple areas of inquiry at its Schedule "A":

**SCHEDULE "A"**

1.      Your knowledge regarding any subject you will and/or may testify about at trial for this matter.
2.      Your knowledge regarding any documents or items Defendant will or may introduce into evidence at trial for this matter.
3.      Your knowledge regarding all discovery responses filed and served on behalf of the Defendant in this matter.
4.      Your knowledge regarding all documents and items produced by Defendant during discovery in this matter.
5.      Your knowledge regarding Defendant's defenses and affirmative defenses asserted in this matter.

The Amended Notice sets forth the below Schedule "B." Moreover, the Notice specifically states in bold that "**Plaintiffs do not seek privilege information or privileged documents from Defendant.**" The Notice also states "<u>**Any such privileged documents are nonetheless requested to be available at the deposition(s) for the deponent(s) to review during the deposition(s) in order to fully answer all questions**</u>. Such review will not be deemed a waiver of any claimed privilege." Defendant's Motion conveniently fails to address this specific, bolded language in the Amended Notice.

**SCHEDULE "B"**

**THE WITNESS IS TO BRING THE FOLLOWING DOCUMENTS \*:**

1.      Any and all documents and items regarding or in any way related to the subject Hurricane Irma claim, claim # HL17503360, with a date of loss of September 10, 2017 at 3250 5th Avenue Northwest, Naples, Florida, 34120.
2.      Defendant's Privilege Log prepared pursuant to Federal Rule of Civil Procedure 26(b)(5) identifying with particularity any and all documents withheld from Defendant's response to the preceding paragraph as privileged, confidential, or otherwise protected from discovery.

**\*Plaintiffs do not seek privileged information or privileged documents from Defendant.**

Thus, there is no support in the factual record for Defendant's claim that Plaintiffs are seeking privileged information – as the request states in **bold** the contrary. Further, the Amended Notice seeks non-privileged information and factual basis for Defendant's defenses. The Amended Notice seeks relevant information and is not overbroad. Defendant's Motion for Protective Order and Objection does not directly address the Amended Notice at issue, and the Motion should be denied and Objection overruled.

Plaintiffs have retained the services of the undersigned attorney and is responsible for paying a reasonable attorneys' fees for filing the instant response. Plaintiffs seek attorneys' fees incurred in filing this response.

### III. THE CASES CITED BY DEFENDANT REGARDING THE DEPOSITION LOCATION DO NOT SUPPORT DEFENDANT'S ARGUMENT.

First and surprisingly, *Sovereign Health of Florida, Inc. v. City of Fort Myers*, which is relied upon by Defendant ended in the court ordering parties to travel to Fort Myers for deposition. Further, the requested depositions were of the CEO and President of the party, which is quite different than the deposition sought at bar. Thus, *Sovereign Heath of Florida, Inc*. does not help Defendant.

In *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979), the 5th Circuit was dealing with a trial court's denial of the deposition of Upjohn Co.'s president and explained the apex doctrine. The Fifth Circuit explicitly stated, "before neither the trial court nor this court has plaintiff argued any peculiar circumstances that would justify her request to depose Dr. Hubbard [outside his resident county]". *Id.* at 652. Thus, *Salter* simply repeats the general rule, but Defendant does not address any of the special factors listed by Plaintiffs such as: (1) Defendant routinely does business in Lee County including issuing insurance policies, like the insurance

policy/contract at issue in this case, (2) the cause of action accrued there, (3) the subject dispute – damage from Hurricane Irma – arose there, (4) the offices for both counsels are located near there, and (5) the case is pending before the Fort Myers Division. Simply, *Salter* was a case where no special circumstances were raised but here there are such circumstances raised.

Thus, Defendant's cited case law on location of deposition offers very little to the present discussion.

## IV.     THE DISCOVERY IS PROPORTIONATE.

Defendant suggests Plaintiffs' attempt to depose the opposing party is disproportionate. Plaintiffs struggle to understand how taking the other party's deposition is disproportionate to a case dealing with a large insurance claim.

Defendant's reference to bad faith discovery also misses the fact that nowhere in the subject notice of deposition does it say anything about seeking bad faith discovery. Thus, Defendant moves for a protective order from something that is not even requested.

WHEREFORE, Plaintiffs respectfully request that this Court deny Defendant's Motion for Protective Order, overrule Defendant's Objection and Order that the deposition of Defendant's corporate representative occur on May 14, 2019 in Lee County, Florida at 10am EST according to the Schedule "A" and Schedule "B" attached to Plaintiffs' Amended Notice of Taking Deposition served on March 12, 2019, granting Plaintiffs' reasonable attorneys' fees incurred in connection with this issue, and all other relief that this Court deem just and proper.

Respectfully submitted,

/s/ *David P. Fraser*
David P. Fraser, Esq.
Florida Bar No.: 91085
Daniel P. Fraser, Esq.
Florida Bar No.: 98406
Holmes Fraser, PA

711 5th Avenue South, Suite 200
Naples, Florida 34102
Tel. (239) 228-7280; Fax. (239) 790-5766
danfraser@holmesfraser.com
dfraser@holmesfraser.com
service@holmesfraser.com
Counsel for Plaintiffs


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2019, I electronically filed the foregoing with the Clerk of Court via the ECF filing system and served upon the registrants listed therein.

/s/ *David P. Fraser*
David P. Fraser, Esq.
Florida Bar No.: 91085
Daniel P. Fraser, Esq.
Florida Bar No.: 98406
Holmes Fraser, PA
711 5th Avenue South, Suite 200
Naples, Florida 34102
Tel. (239) 228-7280; Fax. (239) 790-5766
danfraser@holmesfraser.com
dfraser@holmesfraser.com
service@holmesfraser.com
Counsel for Plaintiffs