UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GUADALUPE MORERA and JUSTO
MORERA,

   Plaintiffs,

v.             Case No: 2:18-cv-607-FtM-38UAM

GEOVERA SPECIALTY INSURANCE
COMPANY,

   Defendant.

_____

**ORDER**

   This matter comes before the Court upon the review of Defendant's Motion for Protective Order and Objection as to Plaintiffs' Amended Notice of Taking Video Deposition Duces Tecum of Defendant's Designated Corporate Representative(s) Pursuant to Rule 30(b)(6) and Incorporated Memorandum of Law.   Doc. 33.   Plaintiffs filed a response in opposition on March 27, 2019.   Doc. 42.

   **I.**   **Background**

   Plaintiffs brought this action in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida against Defendant stemming from the alleged breach of an insurance policy.   Doc. 2.   This case was later removed to federal court under 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   Doc. 1.   Defendant now moves for a protective order related to a Fed. R. Civ. P. 30(b)(6) deposition in California on May 14, 2019 or another mutually agreed upon date and a limitation as to the scope of the deposition.   Doc. 33.   Defendant also requests this Court to award reasonable attorneys' fees and costs.   *Id.*

## II.      Discussion

Defendant challenges the location, date, and scope of the deposition of its corporate representative.  The Court has chosen to bifurcate the issues and address the issues of location and date to facilitate travel plans.  The Court will address the issue as to scope raised by Defendant in a separate Order.

### A.  Location of Deposition

Defendant argues that the deposition of its corporate representative should occur in California as Defendant is a California corporation with its principal place of business also located in California.  Doc. 33 at 3.  Plaintiff concedes to this presumption but argues that the factors in this case overcome the presumption.  Doc. 42 at 5.

Rule 30 of the Federal Rules of Civil Procedure allows a party to depose a corporation, which then designates one or more officers, directors, or managing agents to testify on its behalf. *See* Fed. R. Civ. P. 30(b)(6).  The Rule does not provide direction as to the appropriate location of the corporate representative's Rule 30(b)(6) deposition.   Rule 3.04(b) of the Middle District of Florida Local Rules does, however, state, "it is the general policy of the Court that … a non-resident defendant who intends to be present in person at trial may reasonably be deposed at least once in this District either during the discovery stages of the case or within a week prior to trial as the circumstances seem to suggest."  M.D. Fla. R. 3.04(b).  While there is a presumption that a non-resident corporate defendant should be deposed in its principal place of business, the presumption can be overcome by a showing of several factors, including the location of counsel for the parties, the number of corporate representatives a party is seeking to depose, whether the deponents often travel for business purposes, and the equities regarding the nature of the claim and relationship of the parties, and the financial burden on the corporation designating the

representative.  *LeBlanc v. Unifund CCR Partners, G.P.*, Case No. 8:06-cv-1216-T-TBM, 2007 WL 2446900 (M.D. Fla. Aug. 23, 2007).

Upon consideration of Local Rule 3.04(b) and the factors presented to overcome the presumption, the Court finds that the Middle District of Florida is the appropriate location for the Fed. R. Civ. P. 30(b)(6) deposition.  Defendant is incorporated and has its principal place of business in California.  However, counsel for both parties are located within the Middle District of Florida and Defendant has designated a single corporate representative.  Doc. 42-8, 42-16. As such, only one corporate representative will be required to travel to the District.

Defendant first offered a corporate representative to appear in Tallahassee, Florida.  Doc. 42-2 at 2.  Defendant later notified Plaintiff that a different corporate representative would appear, and the location would need to be changed to Sacramento, California without explaining the change.  Presumably, Defendant can designate a corporate representative that is within or closer to Florida.  Defendant's motion also does not suggest that this newly designated corporate representative does not typically travel for business purposes.  *See generally* Doc. 33. Additionally, this case involves an alleged breach of contract with a large corporation and Defendant does not argue that the financial burden would be too great for the corporate representative to travel to this District.  *Id*.  Finally, Defendant does not indicate that the corporate representative will not be present at trial.  *See generally* Doc. 33.  In weighing the factors, the relationship of the parties, and the financial burden on the corporation, Plaintiff has overcome the presumption that the deponent should be deposed in California.

**B.  Date**

Defendant argues that Plaintiff unilaterally set the deposition to occur on March 25, 2019 after the parties agreed on a May 14, 2019 date.   Doc. 33 at 3.   Plaintiff admits that the deposition date agreed upon by both parties was May 14, 2019.   Doc. 42 at 4.

The Court finds that the deposition should occur on May 14, 2019 or other mutually agreed upon date and time.

ACCORDINGLY, it is

**ORDERED:**

Defendant's Motion for Protective Order and Objection as to Plaintiffs' Amended Notice of Taking Video Deposition Duces Tecum of Defendant's Designated Corporate Representative(s) Pursuant to Rule 30(b)(6) and Incorporated Memorandum of Law (Doc. 33) is **GRANTED in part, DENIED in part, and TAKEN UNDER ADVISEMENT in part.**   The deposition shall occur within the Middle District of Florida on May 14, 2019 or another mutually agreed upon date. The Court will issue a separate Order as to Defendant's remaining requests.

**DONE** and **ORDERED** in Fort Myers, Florida on April 9, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties